IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR ROWLAND** | : | |
| *Plaintiff* | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-4466 |
| | : | |
| **KEVIN D. PISTRO,** *et al,* | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 29th day of November, 2021, upon consideration of Plaintiff Arthur Rowland's and his *pro se* Complaint (ECF No. 2), it is hereby **ORDERED** that:

1. The Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Memorandum as follows:

   a. The following claims are **DISMISSED WITH PREJUDICE**: (1) Rowland's *Bivens* claims against the Defendants in their official capacities; (2) Rowland's claims based on his placement in the SHU; (3) Rowland's First Amendment Free Exercise claims; (4) Rowland's Fourth Amendment claims challenging the searches of his cell and the seizure of his property; and (5) Rowland's claims that officials are reviewing and/or monitoring his non-legal mail, phone calls and email; and

   b. The balance of the Complaint is **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph two (2) of this Order.

2. Rowland may file an amended complaint within thirty (30) days of the date of this Order only as to those claims the Court dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying

them in the body of the amended complaint and shall state the basis for Rowland's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Rowland should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Rowland a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Rowland may use this form to file his amended complaint if he chooses to do so.[1]

4. If Rowland does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

5. If Rowland fails to file any response to this Order, the Court will conclude that Rowland intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).